S08Y1403. IN THE MATTER OF MICHAEL ANTHONY EDMUNDS.

(663 SE2d 182)

PER CURIAM.

This matter is before the Court pursuant to the Report and

Recommendation of a Special Master, Walter P. Rowe, on Respondent Michael Anthony Edmunds's petition for voluntary discipline, which he filed pursuant to Bar Rule 4-227 (c) after the State Bar filed a formal complaint. In the formal complaint, the State Bar charged Respondent with violating Rules 1.3, 1.4, and 9.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The maximum sanction for a single violation of Rules 1.4 and 9.3 is a public reprimand, while the maximum sanction for a single violation of Rule 1.3 is disbarment. Respondent answered the complaint and then filed a petition for voluntary discipline, in which he addressed State Board Docket No. 5367, the subject of the formal complaint, and seven other matters not pending in the formal complaint. Respondent waived confidentiality in the other matters in the hope of achieving a comprehensive solution. In his petition, Respondent admits violating Rules 1.3, 1.4, and 1.15 (II). The maximum sanction for a single violation of Rule 1.15 (II) (b) is disbarment.

In State Board Docket No. 4839, Respondent admits that he violated Rules 1.3 and 1.4 in his representation of a client in a property dispute; he made multiple court and mediation appearances in the matter, but failed to communicate with the client, an Indiana resident, by telephone; and he forwarded her subsequent counsel a check for $6,000 for attorney fees awarded to the adverse party in the case.

In State Board Docket No. 5123, Respondent denies violating any Rules in his representation of a client on criminal charges.

In State Board Docket No. 5124, Respondent admits that he violated Rule 1.4 in his representation of a client on criminal charges; he made court appearances and tried the case; after the jury hung, the client accepted a plea offer; he ultimately sent the client a copy of his file; he explained to the client's mother that he would not pay for a copy of the trial transcript out of pocket and how to get a copy; and that he did not timely respond to letters and messages.

In State Board Docket No. 5203, Respondent admits that he violated Rule 1.4 in his representation of a client on criminal charges; he made multiple court appearances; he visited the client in jail; the client filed a bar complaint before his case could be placed on the trial calendar; and his communication with the client and his family lacked professionalism and timeliness.

In State Board Docket No. 5220, Respondent admits that he violated Rule 1.4 in his representation of a client on criminal charges; he timely mailed a letter challenging her administrative license suspension; he forwarded the client a copy of the letter showing that part of the case had been dismissed; made court appearances; he attempted to contact the client by cell phone, work phone, and mail, but received no response; he was not notified by the

court or the client when she was arrested for failure to appear; and he admits that he did not communicate effectively with her.

In State Board Docket No. 5367, the subject of the formal complaint, Respondent admits that he violated Rule 1.4 in his representation of a client on two indictments involving criminal charges; he made multiple court appearances; visited the client in jail; he gave discovery to the client; the client declined a plea offer on both cases; he advised the court and the prosecutor that the client wanted him to withdraw; and the client retained another attorney and pled according to the terms of the first offer.

In Office of General Counsel File No. 060367, Respondent admits that he violated Rule 1.4 in his representation of a client on criminal charges; the client had already pled guilty to federal criminal charges when he was retained; he negotiated a plea for the state charges to run concurrently to the federal sentence; and he learned that the client had an additional pending state criminal charge, but was not able to get it on a pre-trial calendar sooner than March 2008.

In Office of General Counsel File No. 070291, Respondent admits that he violated Rule 1.15 (II) by holding corporate funds in which he had a business interest in his trust account; none of the funds deposited into his trust account belonged to his clients; and he paid all his overdrafts on the trust account.

We agree with the special master that the petition should be accepted. In mitigation, we find that Respondent tried and failed to simultaneously practice law and cope with his divorce, alcoholism, and depression; he referred all clients to other attorneys; he has not been practicing law since his license was suspended on August 7, 2007, see S07Y1674; he has completed a 30-day outpatient alcohol treatment program; he attends one to two Alcoholics Anonymous meetings per week; and he receives counseling from a State Bar program. We note that while Respondent's pattern of misconduct resulted in multiple rule violations, the violations do not appear to have injured Respondent's clients. We agree with the recommendation of the special master that Respondent be suspended from the practice of law and that he be reinstated to the practice of law only after presenting to the Office of General Counsel certification from the Lawyer Assistance Program that Respondent is fit to resume the practice of law and poses no threat of substantial harm to the public or his clients. Accordingly, Respondent's petition for voluntary discipline is accepted and Respondent is suspended from the practice of law in this State for three years from the date of this opinion, with his reinstatement conditioned upon said certification from the Lawyer Assistance Program. Respondent is reminded of his duties

under Bar Rule 4-219 (c).

*Three-year suspension with conditions. All the Justices concur.*

DECIDED JUNE 30, 2008.

*William P. Smith III, General Counsel State Bar; Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Robert H. Citronberg,* for Edmunds.